CAROLINE POPE, Respondent, *v.* GEORGE W. MEAD, Impleaded, etc., Appellant.

A widow's dower right, although not admeasured, is an absolute right, which is assignable.

Where she assigns such dower right, taking back a mortgage upon the land

to secure the consideration, her equities are the same as if she had con-
veyed the land and taken back a mortgage for the purchase-price.

Where, therefore, the widow of an intestate who died seized of certain
premises, and leaving three children, his heirs at law, joined with one
of the heirs in the conveyance of their interests to the other heirs, she
taking a mortgage upon the premises to secure the sum agreed to be paid
her, — *Held*, that the mortgage was, to the extent of the value of the
dower right, a lien prior to a former judgment against one of the grantees
upon the one-third which said grantee took by descent subject to such
dower right.

(Argued April 27, 1885 ; decided May 8, 1885.)

APPEAL from judgment of the General Term of the Supreme
Court, entered upon an order made December 12, 1882, which
affirmed a judgment in favor of plaintiff, entered upon the
report of a referee.

This action was for the foreclosure of a mortgage. In 1856
John P. Ropke died, intestate, seized of the mortgaged premises
and of other real estate, and leaving the plaintiff and three
children him surviving. In 1874 plaintiff and one of the heirs
joined in a conveyance of their interests in the premises in
question to the other two heirs, who executed to plaintiff the
mortgage in suit to secure the sum agreed to be paid her.
Prior to this transaction a judgment had been recovered against
one of the grantees in favor of defendant Mead ; the latter was
made party to the foreclosure, and claimed that by the release
of the dower right his judgment became the first lien upon
the undivided one-third of the premises owned by his judg-
ment debtor, and that he was entitled to one-third of the net
proceeds of the sale. The referee held that plaintiff was first
entitled to two-thirds of the net proceeds of the sale, and to
the value of her dower right in the other third, " to be ascer-
tained on the principles applicable to life annuities," and there-
after deducting the dower interests, Mead was entitled to the
residue of said one-third, so far as necessary to satisfy his
judgment.

*Josiah T. Marean* for appellant. The legal lien of the
judgment will not be postponed to any equity, except such as

existed at the time the lien of the judgment attached. (*Cook* v. *Banker*, 50 N. Y. 655; *Burchard* v. *Phillips*, 11 Paige, 66; *Dwight* v. *Newell*, 3 N. Y. 185; *Cook* v. *Craft*, 60 Barb. 409; *Fallman* v. *Farley*, 1 id. 280; *Heywood* v. *Mooney*, 3 id. 643; *Jackson* v. *Austin*, 15 Johns. 477; *Griffith* v. *Burtnett*, 4 Edw. Ch. 673; *Ray* v. *Adams*, 4 Hun, 332; *Martin* v. *Wagner*, 60 Barb. 435.) A right of dower, unadmeasured, is not an estate in the land; it is a mere chose in action. (*Moore* v. *Mayor*, etc., 4 Seld. 110; *Green* v. *Putnam*, 1 Barb. 500; *Lawrence* v. *Miller*, 2 Comst. 245; *Stewart* v. *McMartin*, 5 Barb. 438; *Jackson* v. *Aspell*, 20 Johns. 412; *Ritcher* v. *Putnam*, 13 Wend. 524; *Payne* v. *Becker*, 87 N. Y. 153.) The priority of the mortgage as a lien for purchase-money to the extent of the value of the plaintiff's dower cannot be sustained. (3 R. S. [Banks' 5th ed.] 38, § 5; *Stowe* v. *Tyft*, 15 Johns. 458.)

*George H. Fisher* for respondent. A mortgage executed and delivered under the circumstances here is entitled to a preference over an existing judgment against one of the parties to whom the conveyance is made, it having been delivered simultaneously with the deed, and, as a part of one transaction, all the parties being ignorant of the existence of the judgment. (*Jackson* v. *Austin*, 15 Johns. 477; *Haywood* v. *Mooney*, 3 Barb. 643.) No moment of time elapsing between the delivery of the deeds and the mortgage, the mortgage was, in legal effect, part of the deed, and the grantee took such interest in the premises as the deed and mortgage together gave them. (*Watson* v. *McKenny*, 3 Wend. 233; *Flagg* v. *Munger*, 9 N. Y. 483; *Van Vleet* v. *Slauson*, 45 Barb. 317; *Van Alstyne* v. *Van Slyck*, 10 id. 383.) Dower is assignable before admeasurement. (*Payne* v. *Becker*, 87 N. Y. 153; 2 Scribner on Dower [2d ed.], 45; 3 Pomeroy's Eq. Juris. 422.)

*Per Curiam.* The claim of the appellant to appropriate the value of the plaintiff's dower-right to the payment of his judg-

ment against Henry Ropke is without a shadow of equity and should not be permitted to prevail upon any technical or narrow view of the principles of law applicable to this case. She must stand upon precisely the same equities which she would have if, instead of assigning or releasing her dower interest, she had conveyed land and taken the mortgage for the purchase-money thereof; and in that event it is well settled that her mortgage would have been a paramount lien to the appellant's judgment. (*Jackson* v. *Austin,* 15 Johns. 477 ; *Haywood* v. *Nooney,* 3 Barb. 643 ; *Watson* v. *McKenny,* 3 Wend. 233 ; *Van Vleet* v. *Slauson,* 45 Barb. 317 ; *Flagg* v. *Munger,* 9 N. Y. 483.) Her dower right was an absolute right which was assignable. (*Payne* v. *Becker,* 87 N. Y. 153.) At the same time that she conveyed or released it, the purchasers executed the mortgage, and at the same instant that the title passed out of her the mortgage secured to her the purchase-money ; and in equity her right to the purchase-money is superior to the right of the appellant under his judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.