(6 Misc. Rep. 413.)

## SOMMER v. BAVARIAN STAR BREWING CO.

(Common Pleas of New York City and County, Special Term.   January, 1894.)

DOWER—LEASE BY WIDOW.
  A widow who joins with the heirs in lease of the land in which she is entitled to dower becomes vested with all the rights of a lessor, as against the tenant; and the fact that the heirs afterwards convey their interests to the tenant does not affect the widow's right to her share of the rents.

Action by Sebastian Sommer, as administrator of Diadema Sommer, deceased, against the Bavarian Star Brewing Company. Defendant demurred to the complaint. Overruled.

Miller & Miller, for plaintiff.
E. A. Jacob, for defendant.

DALY, C. J.   A widow entitled to dower, who joins with the heirs in a lease of the real estate for a term of years, becomes vested, as against the tenant, with all the rights of a lessor, and her title to the premises and to the rents cannot be disputed by him.   Her right of dower gives her an interest in the land which is capable of being sold, transferred, and mortgaged, (Insurance Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177; Pope v. Mead, 99 N. Y. 201, 1 N. E. 671; Payne v. Becker, 87 N. Y. 153;) and there is no reason why she may not join with the heirs or owners of the fee in a lease of the land.   The effect would be the same as joining with them in a contract for the sale of the land.   In the latter case she consents to make a good title, and must look to the purchase money as a substitute for the land for her dower.   Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41.   In making a lease, she consents to the undisturbed possession by the tenant for the whole term, and must look to the rent for the satisfaction of her right to the rents and profits of the land for that period.   The tenant who has received the benefit of her participation in the lease cannot avoid payment of her proportion of the rent reserved.   In view of the rights secured to the widow by the execution of the lease, as against the lessee, and also as against the heirs who joined with her as lessors, it is unnecessary to discuss the objections to an action against a grantee or a lessee of the heirs by a widow with dower unassigned, or to consider the absence from this complaint of allegations material to such a cause of action, or to discuss the inability of a widow to execute a lease without the heirs.   None of the objections which readily present themselves in any such supposed case has any application to an action like the present, founded upon a lease, the validity of which cannot be questioned, and which is brought to enforce the liability of the tenant, who, having secured by such lease a fixed term for a fixed rental, seeks to escape his obligations thereunder.   It appears that, after the execution of the lease, the other lessors, who were the heirs at law, conveyed from time to time their respective interests to the tenant, leaving the widow the sole remaining lessor.   This does not affect her right, for, as she still re-

mained bound by her lease, the tenant still remains bound by his covenant to pay rent, modified or qualified only by her right to a proportionate part thereof; and, for such proportionate part as she was entitled to, her administrator has a good cause of action. The fact that the plaintiff's colessors conveyed their whole interest to the defendant before the commencement of the action made it unnecessary to join them either as plaintiffs or defendants; the plaintiff now being the only party in interest. Demurrer overruled, and judgment for plaintiff, with leave to answer on payment of costs.