(8 Misc. Rep. 268.)

### SOMMER v. BAVARIAN STAR BREWING CO.

(Common Pleas of New York City and County, General Term. March, 1894.)

LANDLORD AND TENANT—ESTOPPEL TO DENY LANDLORD'S TITLE.

    In an action by a lessor against his lessee for rent, defendant is precluded, by the doctrine of estoppel to deny landlord's title, from contending that plaintiff had only a dower interest in the premises, and that it was not such as to entitle her to sue for rent.

Appeal from special term.

Action by Sebastian Sommer, as administrator, against the Bavarian Star Brewing Company, for rent. From a judgment of the special term (26 N. Y. Supp. 865) overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

George H. Yeaman, for appellant.

Jacob F. Miller, for respondent.

PRYOR, J. The position that the complaint discloses a defect of parties is manifestly untenable. The allegation that the interests of the other lessors had been transferred to the defendant left but the two parties in controversy,—plaintiff and defendant. It was no more necessary to join the transferrers in the action than to unite any assignor with the assignee in an action on the assigned claim. Apparently, all the parties affected are before the court; and that is enough, against the demurrer. Estoppel out of the way, we are of opinion that, as a suit for rent upon a demise of a dower interest, the action is not to be upheld. Only by implication does it appear by the complaint that plaintiff's intestate had a dower interest in the premises; thus, that they were let and conveyed "subject to the dower right of Diadema Sommer." Whether her right was inchoate or consummate is not to be collected from the pleadings; and if inchoate, only, her interest was incapable of assignment. In Insurance Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177; Pope v. Mead, 99 N. Y. 201, 1 N. E. 671; and Payne v. Becker, 87 N. Y. 153,—the right was consummate. But here it is not apparent that the husband does not still live; and, if so, the intestate had nothing to demise. Ex vi termini, a lease imports a thing let; and a subject-matter susceptible of grant, no less than capable parties, is indispensable to a demise. 1 Bouv. Inst. § 1780. The statement in the complaint is an insufficient allegation of interest in the intestate. Clark v. Dillon, 97 N. Y. 370; Valentine v. Lunt, 115 N. Y. 496, 501, 22 N. E. 209. Nevertheless, the action being upon a lease under seal, with a covenant for quiet enjoyment, and by lessor against lessee, for the recovery of rent, the defendant is precluded, by the familiar estoppel, from challenging plaintiff's title. Mayor, etc., v. Sonneborn, 113 N. Y. 423, 21 N. E. 121; McAdam, Landl. & T. 422. As the action may be maintained for some rent, the demurrer is untenable. The question of the proportion of rent to which the intestate was entitled is not now for determination. Judgment affirmed, with costs. Leave to plead over on payment of costs.