(25 App. Div. 187.)

### COLLINS v. MOONEY.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

NEGLIGENCE—EVIDENCE.

    In an action to recover damages for an injury resulting from alleged negligence, it appeared that plaintiff was a frequent customer at a grocery store in a building owned by defendant, and that on the day in question, being about to make a purchase of articles displayed outside the store, and while standing on a slightly-raised platform, she fell and was injured. It also appeared that, as she walked along the platform, she was paying no attention to see where she was going. The platform was not shown to be a dangerous structure, and the evidence failed to show with any definiteness how the accident happened. *Held*, that the facts did not warrant a judgment for plaintiff.

Appeal from trial term.

Action by Mary Collins against James Mooney, impleaded with one Gerken. Complaint dismissed as to Gerken. From a judgment, and from an order denying a new trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and O'BRIEN, JJ.

J. A. Straley, for appellant.
Charles Steckler, for respondent.

VAN BRUNT, P. J.   This action was brought against the defend-
ant Mooney as owner, and the defendant Gerken as lessee, of the
premises No. 57 Beach street, in the city of New York.   Upon the
trial the court dismissed the complaint as to the defendant Gerken,
and the jury rendered a verdict in favor of the plaintiff and against
the defendant Mooney.

The defendant Mooney had been the owner of the premises No. 57
Beach street, in the city of New York, since 1874.   The building was
constructed in 1875, and is a five-story and cellar tenement, with two
stores on the street floor; the floors above being rented out as apart-
ments, two families being on each floor.   Between the building line
and the sidewalk is a stoop or platform, raised from 2 to 2½ inches
above the sidewalk.   Along the outer edge of this platform, and
level with its surface, runs a coping.   Upon this platform was an
opening into the cellar, and in front of this opening, projecting 5
inches beyond the main coping, and on a level with it, is the riser
or first step of the cellar entrance.   The outside line of the platform
is within 5 feet of the front of the house, and the riser of the
cellar entrance is 5 feet 3 or 4 inches from the house line.   At the
time mentioned in the complaint the defendant Gerken occupied as
a monthly tenant the easterly store of this building, and used the
same as a grocery store.   In front of the store, and upon this plat-
form, he had some of his goods displayed.   For some considerable
time prior to the happening of the accident the plaintiff had been
in the habit of going to this store for groceries, and upon the oc-
casion in question she had visited the store for the purpose of mak-
ing purchases.   She desired to buy some potatoes, and she says that
she started to go out, and the clerk was selling some potatoes to an-
other woman, so she went to buy potatoes from him, and, as soon as
she went out, the stone tripped her, and broke her right leg.   In
another part of her testimony she says:

"When I went to stand outside the door, as soon as I stood, the stone tripped
me, and broke my right leg.   The leg remained where it was, and then the
stone knocked me over, and I fell on my back on the street."

The witness further testified that she was sure she was on the
stoop when she broke her leg; that she went to stand by the barrel,
and, as soon as she went to stand, the stone tripped her, and she
broke her leg; that she was not walking at the time, but standing
still, and fell down.   In another place she says that she did not
slip on the sidewalk; that the sidewalk was clean and the coping
was clean.   In yet another place she says:

"I was not on the sidewalk, but inside of the sidewalk, on the stoop; just
came out of the grocery store door, and turned at the barrel to get potatoes.
I did not step off this little platform; that I am sure of; and I was on it when
I stubbed my toe."

There was no claim made that any of the stones were loose.

Although the testimony of the plaintiff is somewhat confusing, it would appear that, having been a frequent visitor to the store in question, she must have been familiar with the premises; that she came out of the store, and walked along the stoop, paying no attention whatever to where she was going, in her desire to get to the barrel of potatoes; and that she in some way slipped and fell, and met with the injuries proven. It is difficult to see upon what theory the defendant in this action could be held responsible for injuries sustained under these circumstances. The case seems to have been tried, and is presented to this court, upon the theory that the defendant had placed an obstruction upon the sidewalk, and that the plaintiff, as a passerby, was injured by reason of that obstruction. But the evidence does not sustain any such theory. The plaintiff was a customer of the store occupied by the defendant Mooney's tenant. She was engaged in making purchases there. She went out of the store, and upon the stoop, for the purpose of examining goods which were there displayed for sale; and while there she does not seem to have taken any care whatever to see where she was going, and she fell, it may be by reason of her foot slipping from the coping mentioned. The construction in question was not shown upon the trial to be a dangerous one. It clearly appears that the plaintiff was familiar with the situation, that she took no heed to her steps, and that she was injured by some mishap which is not delineated with any particular clearness in the evidence. These circumstances seem to bring the case within the principle laid down in the case of Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563. In that case the plaintiff fell down a stairway in the defendant's store, part of which was carpeted and part uncarpeted; and the court said:

"There is no proof in the case from which it could be found that the defendant neglected any duty that he owed to the plaintiff. She was not exposed to any unreasonable or concealed danger. She fell while walking down a broad carpeted stairway, between 4 and 5 o'clock in the afternoon. There was nothing in the manner in which the stairs were constructed, used, or kept from which such a result could be reasonably anticipated. It is quite probable that the accident occurred from slipping, or by a misstep by the plaintiff; but, whatever caused the injury, it is quite clear that it could not be attributed to any want of care on the part of the defendant."

It is not necessary to discuss the question as to what would have been the plaintiff's status had she been a passenger along the sidewalk, and suffered injury in consequence of the existence of an unlawful obstruction maintained by the defendant appellant. As already stated, she was not such a passenger, but was a customer of the store of the defendant's tenant; and it was while engaged in making purchases in and about the store that the accident happened. She was attempting to look at goods displayed upon the stoop or platform in front of the premises when she made the misstep and fell. The fact that the riser in front of the cellar projected a few inches upon the sidewalk in no manner contributed to the accident, because the evidence distinctly shows that when it happened she was walking, not on the sidewalk, but on the raised platform in front of the premises, and it was from there that she fell.

Furthermore, as already stated, the plaintiff did not sustain the burden of proving that she was free from contributory negligence. She was walking upon the platform, taking no heed to her steps, and evidently she stepped partially off it and fell. A person cannot go heedlessly along, and then, when injury arises in consequence, claim that somebody is responsible in damages for such injuries, caused by his own want of care.

We think, therefore, that no cause of action was made out as against the appellant, and that the judgment and order as to him should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

