HAYNES REED, as Administrator, Plaintiff, *v.* GRACE L. WILSON and Others, Defendants.

Supreme Court, Wayne County, May, 1923.

**Wills — legacies chargeable on real estate — power of sale — mortgage of real estate by executor individually only a charge upon his lien for the payment of his legacy — foreclosure — distribution of proceeds of sale.**

Testatrix bequeathed to her husband $6,000 and directed him to deposit $9,000 in three different banks, he to have the income thereof for life, and upon his death the principal sum was bequeathed to nephews and nieces in equal shares. A number of other bequests were made. The will contained no devise except in the residuary clause by which all the rest, residue and remainder of the estate was devised and bequeathed to said husband, who was named as executor with power to sell any and all real property of which the testatrix died seized, and to execute all deeds of conveyance necessary to carry the provisions of the will into effect. *Held*, that the legacies were a charge upon the real estate.

The husband individually and not as executor of the estate gave a mortgage upon the real estate of which the testatrix died seized, in which no reference was made to the will or to the executor's power of sale. *Held*, that there was not an exercise of the power of sale contained in the will and that the mortgage affected only the mortgagor's interest in the property.

The will being of record when the mortgage was made was notice to the mortgagee that the legacies were a lien upon the real estate, and as at that time no judicial settlement of the estate had been had and there were no papers on file in the Surrogate's Court showing that the executor had made disposition of the moneys received by him, the mortgagee was entitled to assume that all legacies were unpaid and that the husband of testatrix had a lien upon the property for the payment of his $6,000 legacy and could convey the same. *Held*, that the mortgage did convey the mortgagor's lien upon the real estate for the payment of his legacy.

Foreclosure granted, with direction that the real property be sold, the proceeds paid into court and paid out under the direction of the surrogate; that the $6,000 be paid to plaintiff and the other unpaid legacies be paid in full, and in case the proceeds of the sale are insufficient the legacies be paid *pro rata*.

ACTION to foreclose a mortgage.

*Edwin M. Harvie (George W. O'Brien,* of counsel), for plaintiff.

*Charles T. Ennis,* for defendants Farrand and others.

*B. C. Williams,* for defendant Wood, as administrator.

CUNNINGHAM, J. This action is brought to foreclose a mortgage. The defendants claim as legatees under the will of Valeria F. Wilson, deceased, and contend that by the terms of the will their legacies were charged against the mortgaged lands and that the liens of such legacies are superior to the lien of the mortgage. The mortgage was made on April 1, 1918, by Riley A. Wilson,

41

now deceased, who was the husband of Valeria F. Wilson. Valeria F. Wilson died April 14, 1916, and her will was admitted to probate October 20, 1916. She bequeathed to her husband the sum of $6,000, she named him as executor of her will and directed him to deposit the sum of $9,000 in three different banks, the income therefrom to be paid to him during his natural life and upon his death such sum was bequeathed to eight nephews and nieces, to be divided among them equally. A number of other bequests were made. The will contains a residuary clause reading: " I give, devise and bequeath all the rest, residue and remainder of my estate to my husband, Riley A. Wilson, to have and to hold the same, his heirs and assigns forever." The will also contains a power of sale as follows: " I hereby empower my executor hereinafter to sell all of my real property of which I die seized and to excute any and all necessary deeds of conveyance *to carry the provisions hereof into effect* as fully as I might do if living." The will does not devise any real property except in the residuary clause, but does make numerous bequests of money and other personal property to different legatees.

The purpose of this will was to provide for the payment of a number of legacies and when the power of sale was given in order to enable the executor " to carry the provisions hereof into effect," such language could mean only one thing and that is that the real estate was to be sold to pay the legacies. It is the same in effect as though it read that the power of sale was given for the purpose of paying the legacies; it is identical in meaning and in scope and serves to directly charge the real estate with the payment of the legacies mentioned in the will.

This is further shown by the residuary clause bequeathing and devising the remainder of the estate, both real and personal, to the husband, Riley A. Wilson. This indicates that the testatrix knew that all her real estate would not go to her husband but only the portion left after the payment of the legacies.

There is no uncertainty and no ambiguity in the terms of this will; it speaks for itself and shows clearly the intention of testatrix to charge her real estate with the payment of the legacies. Under such circumstances extrinsic evidence is not competent to aid in the interpretation of the will. *Fries* v. *Osborn*, 190 N. Y. 35; *Middleworth* v. *Ordway*, 191 id. 40; *Brown* v. *Quintard*, 177 id. 75; *Ayers* v. *Palatine Ins. Co.*, 234 id. 334.

The evidence given by both parties as to the circumstances surrounding the making of the will, the declarations of testatrix and the amount and condition of the estate at the time of her death is stricken from the record because it is not necessary to aid the

court in the interpretation of the will. The intention of the testatrix may be learned with certainty from the language employed in the will and that intention being clearly expressed evidence may not be received for the purpose of construing it.

On April 1, 1918, Riley A. Wilson individually executed the mortgage sought to be foreclosed conditioned for the payment of $11,000, conveying realty of which his wife died seized. No reference is made in this mortgage to the will of Valeria F. Wilson or to the power of sale contained therein and it does not purport to have been made by Riley A. Wilson, as executor of the estate of Valeria F. Wilson, deceased. This was not an exercise of the power of sale contained in the will and the mortgage conveyed only the interest of Riley A. Wilson. *Mutual Life Ins. Co.* v. *Shipman*, 119 N. Y. 324.

One of the legacies contained in the will is a bequest to Riley A. Wilson of $6,000, and this was a charge with the other legacies against the real estate. The lien of this legacy was equal in right to the liens of the other legacies. Riley A. Wilson also had a residuary interest in the land mortgaged but this interest was subsequent to the liens of the legacies. The mortgage conveyed all of his interest in the land described therein. *Conkling* v. *Weatherwax*, 173 N. Y. 43.

As this will was on record at the time that the mortgage was made it was notice to the mortgagee that the real estate was charged with the payment of the legacies mentioned in it.

A question arises as to whether this mortgage gave to the mortgagee a lien for $6,000, the amount bequeathed to Riley A. Wilson, or whether it may be shown that he had at that time received more than such sum from the estate. There is no presumption that this legacy had been paid. At the time the mortgage was executed no judicial settlement of the estate had been had and there were no papers on file in the surrogate's office showing that the executor had made any disposition of the moneys received by him. As the mortgagee was chargeable with notice that the legacies were a lien upon the real estate I believe that he was entitled to assume, under the circumstances, that all were unpaid and that Wilson had a lien for the payment of the $6,000 legacy and could convey the same to him. I conclude, therefore, that the mortgage did convey this lien upon the real estate.

It seems to me, therefore, to be equitable to permit this mortgage to be foreclosed; to direct that the lands be sold by Edson W. Hamn, referee; that the proceeds be paid into court and be paid out under the direction of the surrogate of Wayne county; that the $6,000 legacy to Riley A. Wilson, now payable to plaintiff, and the other unpaid legacies be paid in full if the proceeds of

the sale are sufficient to do so; if not that they be paid *pro rata* and that the balance be distributed in accordance with the terms of the will of Valeria F. Wilson, deceased.

Judgment accordingly, with separate bills of costs to plaintiff, to defendants Farrand *et al.*, and to Wood, as administrator, etc., payable from the proceeds of the sale.

Judgment accordingly.