*907 OPINION.
Matthews:
The question before us is whether the petitioner, a corporation which purchased real property subject to the widow’s right of dower from the executors of the decedent’s will, may deduct from its taxable net income for 1929 the amount paid to the decedent’s widow pursuant to the agreement under which it acquired the widow’s dower interest in the property, the amount thus paid to the widow representing one third of the net rents collected from the property in the taxable year.
It has been stipulated that in the year 1929 the petitioner paid or credited to Olivia P. Hoe, the widow of Robert Hoe, the sum of $27,495.06 and that this sum was reported on her individual income tax return for^that year. It does not follow, however, that such amount is deductible from the gross income of the petitioner.
It is the petitioner’s position that the agreements of January 22 and December 11,1913, which are quoted in part in our findings, and the acts performed by the parties thereunder, constituted in effect an admeasurement of the dower of the widow in the real property of which her husband died seized, whereby there was admeasured to her one third of the net rents collected from the property during her lifetime or until a sale thereof and, in the event of a sale, a gross sum out of the net proceeds of the sale in lieu of her dower. Counsel for' the petitioner earnestly contends that the acts performed by the parties under these agreements did not constitute a purchase by the petitioner of the widow’s dower in the real property of which her husband died seized, as claimed by the respondent. It is further argued that, inasmuch as the petitioner did not in any event have any beneficial interest in that portion of the net rents which it paid to the widow in 1929, it was error for the respondent to refuse to deduct the amount thus paid in determining the petitioner’s net income for 1929.
Section 190 of the Real Property Law of New York provides that a widow shall be endowed of the third part of all the lands whereof *908 her husband was seized of an estate of inheritance, at any time during the marriage. (Book 49, McKinney’s Consolidated Laws of New York, p. 208.)' Upon her husband’s death the inchoate right of the widow becomes dower consummate. The real property descends to the heirs or devisees subject to the dower of the widow. The right of a doweress in lands is in the nature of a charge thereon and the legal owners can not transfer the lands so as to free them in the hands of any subsequent grantees from the claim of the doweress. Mutual Life Insurance Co. v. Shipman, 119 N. Y. 324; 24 N. E. 177.
It never became necessary for the widow to institute any action to obtain her dower and no steps were taken to divide the decedent’s estate until January 22, 1913, when all of the parties interested entered into an agreement to form a corporation to hold legal title to the real estate and to manage the same. It was not important to the widow that the corporation should be organized and she gained nothing by the execution of this agreement. She agreed to and did execute a release of her dower right in the real estate in order that the corporation might hold an unencumbered fee simple title thereto, in consideration of the agreement on the part of the corporation to pay her just what she had been receiving from the executors, being a sum equal to the one-third share to which she was entitled under the law relating to the dower rights of a widow. Although this sum was not a fixed amount* and it could not be determined how much would be paid to her each year until the rents were received by the corporation, and in the case of a sale of any parcel of the land the amount due the widow had to be computed in accordance with her expectancy at the time of the sale, as provided in the agreement, these payments to the widow were made to- her in consideration of the release of her dower right in the property and are capital items which are not deductible in computing net taxable income.
Although the amount which the petitioner agreed to pay to the widow annually was equivalent to the amount which she was entitled to receive on account of her dower right in the property, this does not sustain the petitioner’s contention that what was done was merely an admeasurement of the dower of the widow in the decedent’s real property. The annual payments to the widow were in fulfillment of the contractual obligation assumed by the petitioner and we consider them to be a part of the purchase price which the petitioner paid for the property which it acquired. By releasing and quit- *909 claiming all her interest in the property to petitioner, in consideration of the petitioner’s agreement to make the payments agreed to be made, the widow’s right of dower in the property of the estate was extinguished and thereupon the qualified right of the petitioner became a full right to the property. It follows that the total rents received by the petitioner were income to the petitioner.
It is suggested in the brief filed on behalf of the petitioner that the petitioner received the sums paid to the widow as trustee for her, but this case is clearly distinguishable from Bettendorf v. Commissioner, 49 Fed. (2d) 173, which is relied on by petitioner, and the facts recited above do not support the contention that any trust relation was created between the petitioner and the widow in the instant case. This is not a case where a person receives income wholly as an instrumentality or agency for delivery to another. The petitioner herein was not acting as a mere conduit for the transmission of income.
In view of the foregoing we hold that the respondent did not err in denying the deduction claimed by the petitioner herein. See Corbett Investment Co. v. Helvering, 75 Fed. (2d) 525.
Reviewed by the Board.

Judgment mil be entered for the respondent.