(58 App. Div. 112.)

### WEINSTEIN v. WEBER.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

WILLS—DEVISE—DEED—LIFE ESTATE—POWERS—TRUSTS.

A testator devised one-third of his estate to a friend for life, remainder to be divided two-thirds to her children and one-third to his children; she to have full power to sell and dispose of the same. They afterwards married, and all interests in land which he owned at his death, except the interest so devised, and her interest as surviving wife, were conveyed to defendant, and on the back of the executor's deed she executed a conveyance whereby she, "as widow of" testator, granted, devised, re-

leased, and quitclaimed all her right, title, and interest, and dower in and to the premises. She died, leaving one child, who quitclaimed to defendant, and the widow and infant daughter of a deceased son, whose interest, if any, defendant had not acquired. Defendant contracted to convey the land to plaintiff, who refused his deed, and sought to recover the amount paid on the contract, and damages on the ground that he had no title in fee. Real Property Law, § 155, provides that every instrument executed by the grantee of a power, conveying an estate which the grantee would have no right to convey unless by virtue of the power, shall be deemed a valid execution of the power. Section 129 provides that, where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life, such estate is changed into a fee absolute in respect to the rights of purchasers. Section 117 provides that a general power is in trust where any person other than the grantee is designated as entitled to any portion of the proceeds resulting from the execution of the power. *Held*, that the conveyance executed by the widow of testator conveyed only her dower in the two-thirds and her life estate in the one-third devised to her of testator's land, and that it was not an execution of the power to convey the fee in such one-third which passed to her children on her decease; hence defendant did not have full title to the land.

Appeal from special term, New York county.

Action by Rachel Weinstein against Joseph Weber. From a judgment dismissing her complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellant.

George M. S. Schulz, for respondent.

HATCH, J. This action was brought to compel the specific performance of a written agreement for the sale of real property, or for the recovery of the sum paid thereon by the vendee, with damages; the vendee claiming that the vendor's title to the premises is defective. The premises in question were formerly owned by Felix and Adolphus Brown as tenants in common, and it is admitted that their title was good and marketable. Adolphus Brown, a widower, having three children, made a will, which contained the following provisions:

"First. I give, devise, and bequeath unto my friend Walli Goetz all my furniture and household articles, and also one-third of the rest, residue, and remainder of my estate, real as well as personal; to have and to hold the same unto her during her natural lifetime, and after her death to be divided in such manner that two-thirds thereof shall go to her children, and one-third thereof to my children. I expressly provide; however, that my said friend shall have possession of the property so given, devised, or bequeathed to her, and be entirely free in the administration of the same, with full power to sell and dispose of the same or any part thereof, and shall not be required to give any security whatsoever. Secondly. I give, devise, and bequeath the remaining two-thirds of all the rest, residue, and remainder of my property, real as well as personal, to my children, to be divided between them share and share alike. And I hereby provide that the property hereby devised or bequeathed to my children shall be converted into money, and the share of each child be safely invested in good security during his or her minority, and the interest or income derived therefrom be applied to the education and maintenance of my said children until they become of age respectively."

After the execution of this will, Adolphus Brown, the testator, intermarried with the legatee and devisee, Walli Goetz, and died in

the city of New York on the 10th of March, 1875, leaving, him sur-
viving, Walli Goetz Brown, his wife, his three children by the for-
mer marriage, Ross Brown, Augusta Brown, and Catherine Brown,
and his stepchildren Julie Goetz and Max Goetz, the children of
Walli Goetz, mentioned in his will. The will of Adolphus Brown
was duly admitted to probate in the county of New York as a will
of personal property only, and the executors therein named, Philip
Michael, John F. Miller, and Felix Brown, qualified as such, and
entered upon the discharge of their duties. Thereafter two of the
executors, Philip Michael and John F. Miller, by deed dated May
19, 1876, assumed to convey the whole of the interest of their tes-
tator in the premises to the co-executor, Felix Brown, who was also
the co-tenant with his deceased brother. On the back of this deed
was the following:

"Know all men by these presents, that I, Walli Brown, widow of Adolphus
Brown, deceased, in consideration of $1,500 to me paid, do grant, demise, re-
lease, and quitclaim unto the said Felix Brown all my right, title, and inter-
est and dower in and to the within-described premises. In witness whereof
I have hereunto set my hand and seal this ——— day of June, in the year
one thousand eight hundred and seventy-six.

"[L. S.]                                                   Walli Brown.
"Signed, sealed, and delivered in the presence of Louis A. Wagner."

Then follows an acknowledgment, in which the notary certifies,
after the formal parts, as follows:

"That Walli Brown was known to me to be the person described in and
who executed the foregoing release of dower, and to me acknowledged that
she executed the same."

These two instruments were recorded in the office of the register
of the city and county of New York on the 17th day of June, 1876.
After the delivery of these deeds, and in 1880, the three children
of Adolphus Brown quitclaimed all their right, title, and interest
in the property to Felix Brown, and on September 13, 1884, Felix
Brown and Ernestine, his wife, conveyed the property to the de-
fendant, Joseph Weber. Walli Goetz Brown is now deceased. Max
Goetz, one of her said children by a former marriage, is deceased,
leaving a wife and daughter, Julie, who is still an infant. Julie
Goetz, the other child of Walli Goetz by the former marriage, sub-
sequent to the death of the testator married one Robert Bain, and
in January, 1899, she quitclaimed to this defendant her interest in
the property. Under these circumstances the plaintiff contends that
there is a defect in the defendant's title, which relieves her from
accepting it, and entitles her to recover the cash payments made on
the contract, on the ground that there is an outstanding interest in
the property,—the interests of the wife and daughter of Max Goetz
in the one-third devised to Walli Goetz for life, with remainder over
to her children and the children of testator,—which the defendant
is unable to convey; while the defendant contends that by the con-
veyances from the two executors of Adolphus Brown, from his chil-
dren, and from Walli Brown to Felix Brown, his grantor, a perfect
marketable title to the whole of said premises is vested in her. The
determination of the question presented depends upon the legal con-

struction to be put upon the will and the instrument executed by Walli Goetz Brown, the widow of testator, to Felix Brown. The defendant contends that this was a valid execution of the power of sale as to the one-third of the real estate devised to her for life, and passed the interests of herself and the remainder-men; while the plaintiff maintains that such instrument only passed the dower interest of Walli Brown in two-thirds and her life estate in one-third, leaving the title to the one-third vested in the children of the testator and in her daughter, Julie Bain; and her granddaughter, Julie Goetz, daughter of Max, subject to the dower of the widow of Max in his undivided interest. Was the instrument executed by Walli Brown, by which she granted, remised, released, and quit-claimed unto Felix Brown all her right, title, and interest, and dower in and to the premises in question, a valid execution of the power of sale contained in the will? The statute provides that·

"Every instrument executed by the grantee of a power conveying an estate or creating a charge, which said grantee would have no right to convey or create unless by virtue of the power, shall be deemed a valid execution of the power, although such power be not referred to therein." Real Property Law, § 155.

The respondent seems to rely upon the provisions of section 129, and contends that under that section the provisions of the will must be construed not only as giving Walli Goetz a life estate in one-third of the testator's undivided half interest in the premises, but, in respect to the rights of purchasers, an absolute beneficial power to dispose of or sell, which changed the estate into a fee. If the provisions of the will in question could be construed as giving to Walli Goetz an absolute beneficial power to sell and dispose of the property devised for her own benefit, there would be force in the contention that the instrument executed by her was a valid execution of the power. But we are of the opinion that the will cannot be so construed as to reach this result. The real property law, which re-enacts in substance the provisions of the Revised Statutes upon this subject, provides that such powers as are authorized by statute are general or special and beneficial or in trust (section 113); that a general or special power is beneficial where no person other than the grantee has, by the term of its creation, any interest in its execution (section 116); that a general power is in trust where any person or class of persons other than the grantee of the power is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution (section 117). It is plain that, under these provisions of law, in order to reach the result insisted upon by the respondent it must be found that the power given to Walli Goetz is "not accompanied by any trust," but is both general and beneficial. . There is nothing in the language of the will which indicates that Mrs. Brown's interest in the proceeds of the sale of the premises was to be greater than her interest in the land itself. There is no language which indicates that it was the intention of the testator that she should have the power to sell and dispose of the property for her own benefit. The proceeds, when received, were subject to the same·

limitations as the property devised; and the estate of Mrs. Brown in the proceeds was, therefore, that of a life tenant only. The proceeds took the place of the realty, and she was entitled to the interest upon them during her life as life tenant. The remainder was vested in her children and in the children of the testator. The power was accompanied by a trust (In re Blauvelt, 131 N. Y. 249, 30 N. E. 194), and there was no absolute beneficial power of disposal. As there is nothing in the instrument executed by Walli Brown indicating that it was made and delivered in execution of the power of sale contained in the will, it must be held that such instrument was not an execution of the power, but only a conveyance of her dower in the two-thirds and of her life estate in the one-third devised to her.

The court of appeals, in construing 1 Rev. St. p. 737, § 124, and Real Property Law, § 155, has held that such statute was not intended to change the then existing rules; that, "if the donee of a power to sell land has also an interest in his own right in the same land, his deed of the land, making no reference to the power, will convey only his own interest, for there is a subject-matter for the deed to operate upon, excluding the power." Insurance Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177. It is there said (page 329, 119 N. Y., and page 178, 24 N. E.):

"The rule was founded in reason and good sense, and was intended to provide that whenever a single power exists, under which a grantor may convey or mortgage real estate, his conveyance is attributable to the exercise of the power actually possessed by him; but that whenever, in addition to a power, he is also invested with other independent interests or powers, whether legal or equitable, with respect to the same property, under the authority of either of which he may lawfully act, the rule of the statute should not apply."

There can be no question but that the grantor, Walli Brown, in this case, comes within this rule, and our decision is controlled by the authority of the case cited. Aside from the power, she had a consummate right of dower in an undivided two-thirds of the premises, of which she could enforce admeasurement, and a life estate in the other one-third. It is also held in Insurance Co. v. Shipman, supra, that a dower right, although not admeasured, is an absolute right, which is assignable. We are thus brought clearly within the rule enunciated by the court of appeals, from which it follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.