The judgment of conviction must, therefore, be affirmed.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment of conviction affirmed.

***

RACHEL WEINSTEIN, Respondent, *v.* JOSEPH WEBER, Appellant.

1. WILL—WHEN CONVEYANCE OF DONEE'S INDIVIDUAL INTEREST DOES NOT CONSTITUTE AN EXERCISE OF A GENERAL POWER OF SALE. A will proved as a will of personal property only, devising to a person who, subsequent to its execution, became the testator's wife, one-third of his estate, real and personal, during her lifetime, and after her death to be divided in such manner that two-thirds thereof should go to her children and one-third to his children, and giving her full power to sell and dispose of the whole or any part thereof, and also devising the remaining two-thirds of his estate to his children, share and share alike, with a direction that it be converted into money, does not confer upon the donee a general and beneficial power of sale, but such a power is accompanied by a trust, and her children and those of the testator take vested remainders in the life estate devised to her. Where, therefore, a deed has been executed by testator's executors of an undivided interest in premises owned by him, upon which was indorsed an instrument executed by his widow, purporting to convey all her "right, title, interest and dower" therein, such indorsement does not constitute an exercise of the power of sale given her by the will, but effects nothing more than a conveyance of her dower in the two-thirds devised to testator's children and of her life estate in the one-third devised to her.

2. VENDOR AND PURCHASER. With the possible exception of a case where a title is vested upon such a notorious and generally known fact as

that of adverse possession, which usually is capable of establishment beyond any reasonable doubt, a purchaser will not be required to take a title which depends for its completeness upon parol evidence.

*Weinstein* v. *Weber*, 78 App. Div. 645, affirmed.

(Argued February 11, 1904; decided March 15, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 3, 1903, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The plaintiff sued to compel the defendant, specifically, to perform his agreement to convey a clear title to certain real estate, as demanded by the terms of a contract between them; or for the recovery back of the moneys paid by plaintiff upon the contract. The objection had been made to the title of the defendant that it was defective and unmarketable. The source of the title was in Adolphus Brown; to whom and to Felix Brown, (his brother), simpliciter, conveyances covering the premises in question had been made, as tenants in common. Adolphus Brown died in 1875, leaving a widow, Walli Brown, formerly Walli Goetz, and three minor children; between whom his will disposed of his residuary estate by the following clauses, viz.: " *First.*— I give, devise and bequeath unto my friend, Walli Goetz, all my furniture and household articles, and also one-third of the rest, residue and remainder of my estate, real as well as personal, to have and to hold the same unto her during her lifetime, and after her death to be divided in such a manner that two-thirds thereof shall go to her children, and one-third thereof to my children. I expressly provide however, that my said friend shall have possession of the property so given, devised and bequeathed to her, and be entirely free in administration of the same, with full power to sell and dispose of the same, or any part thereof, and shall not be required to give any security whatever.

" *Secondly.* I give, devise and bequeath the remaining two-thirds of all the rest, residue and remainder of my property,

real as well as personal, to my children, to be divided between them, share and share alike; and I hereby provide that the property hereby devised or bequeathed to my children shall be converted into money, and the share of each child be safely invested in good security during his or her minority, and the interest or income derived therefrom to be applied to the education and maintenance of my said children until they have become of age respectively."

The will was proved as a will of personal property, only, and, in 1876, the executors undertook to convey to Felix Brown the undivided interest in the premises owned by their testator and it is out of the deed, which was delivered, that the difficulty in the defendant's title has arisen.

Walli Goetz, named as a residuary legatee in the will, subsequently to its execution, married the testator and, with her two children by a former marriage, survived him. She had no children by marriage with Brown. One of her children, a daughter, is still living, as Mrs. Bain, and Max Goetz, the other, died before his mother, leaving a daughter named Julia, a minor. Mrs. Brown died in 1897. Upon the deed of the executors to Felix Brown were indorsed the following instruments: "Know all men by these presents, that I, Walli Brown, widow of Adolphus Brown, deceased, in consideration of fifteen hundred dollars to me paid by the within named Felix Brown, do grant, remise, release and quitclaim unto the said Felix Brown all my right, title, interest and dower in and to the within described premises. In witness whereof I have hereunto set my hand and seal this        day of June, in the year one thousand eight hundred and seventy-six. Walli Brown. [L. S.] Signed, sealed and delivered in the presence of Louis A. Wagner."

"State of New York, City and County of New York, ss. On this 16th day of June, 1876, before me personally came Walli Brown, widow, to me known and known to me to be the person described in and who executed the foregoing release of dower, and to me acknowledged that she executed the same. Louis A. Wagner, Notary Public, Kings Co., N. Y."

At a date subsequent to the execution and delivery of this deed, the three children of the testator, Adolphus Brown, executed to the grantee, Felix Brown, conveyances of their interests in the premises, and he, thereafter, conveyed to this defendant. After this last conveyance, and at the time of the trial of this action, the defendant received from Mrs. Bain, the daughter mentioned of Walli Goetz, a release of her interest in the premises affected. That still left outstanding what interest may be in Julia, the daughter of Max, the son of Walli Goetz mentioned as having predeceased her. It was held by the trial court that Max Goetz became vested, upon the death of Adolphus Brown, with one undivided half part of the remainder in two-ninths of the premises, after the expiration of the widow's life estate, and, as the defendant had never obtained a release of that interest from Max' daughter and heir-at-law, Julia, that his title is, to that extent, defective and unmarketable. Judgment was, therefore, directed for the plaintiff, as prayed for, and, that judgment having been affirmed by the Appellate Division, the defendant appeals to this court.

*Edward W. S. Johnston* and *Lewis S. Goebel* for appellant. The will of Adolphus Brown vested in his three children two-thirds of the premises in question and the other one-third was thereby vested in his widow. And deeds from those three children and the widow vested an absolute fee in the grantee named therein. (*Roseboom* v. *Roseboom*, 15 Hun, 309; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Staughter* v. *Bernards*, 97 Wis. 184; *Ross* v. *Ross*, 1 J. & W. 153; *Attorney-General* v. *Hall*, FitzG. 314; *Bull* v. *Kingston*, 1 Meriv. 314; *Patterson* v. *Ellis*, 11 Wend. 260; *Tyson* v. *Blake*, 22 N. Y. 558; *Norris* v. *Beyea*, 13 N. Y. 273; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Hermance* v. *Mead*, 18 Abb. [N. C.] 90.) The court erred in rejecting evidence offered by the defendant tending to prove that these properties were copartnership properties, and that after the death

of said Adolphus Brown his executors took possession of his share in them as personalty. (*Johnson* v. *Clark*, 18 Kan. 157; *Bank of Louisville* v. *Hall*, 8 Bush, 678; *Darrow* v. *Calkins*, 6 App. Div. 28; 154 N. Y. 503; *Sternberg* v. *Larkin*, 58 Kan. 201; *Tarbel* v. *Bradley*, 86 N. Y. 280; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Freedman* v. *Oppenheim*, 80 App. Div. 493; *Heller* v. *Cohen*, 154 N. Y. 311; *Abrams* v. *Rhoner*, 44 Hun, 507; *Rector* v. *Erath Cattle Co.*, 45 S. W. Rep. 427.)

*Benjamin N. Cardozo* and *Moses Esberg* for respondent. The release signed by Walli Brown was not an exercise of the power of sale conferred upon her by the will. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125; *M. L. Ins. Co.* v. *Shipman*, 119 N. Y. 324; *Phillips* v. *Brown*, 16 R. I. 271; *Lardner* v. *Williams*, 98 Wis. 514; *Bradley* v. *Westcot*, 13 Ves. 444; Sugden on Powers, 278, 289; *Burleigh* v. *Clough*, 52 N. H. 267; *Jones* v. *Curry*, 1 Swanst. 66; *Lovell* v. *Knight*, 3 Sim. 275; 4 Kent's Comm. [11th ed.] 371; Perry on Trusts, § 511; *Fitzpatrick* v. *Sweeney*, 56 Hun, 160; *Thayer* v. *Fenton*, 108 N. Y. 394; *Heller* v. *Cohen*, 154 N. Y. 299, 309.) The contention is untenable that the estate of Walli Brown in a third of the estate was enlarged into a fee by the existence of a power of sale. (*French* v. *Hatch*, 28 N. H. 331; *Burleigh* v. *Clough*, 52 N. H. 267; 4 Kent's Comm. 520; Fowler's Real Prop. Law, 392, 393; *Jackson* v. *Robins*, 16 Johns. 537; *Popham* v. *Banfield*, Salk. 236; *Thomlinson* v. *Dightman*, 1 P. Wms. 149; *Surnam* v. *Surnam*, 5 Madd. Ch. 123; *Reith* v. *Seymour*, 4 Russ. 263; *Matter of Blauvelt*, 131 N. Y. 249; *Terry* v. *Wiggins*, 47 N. Y. 512; *Ackerman* v. *Gorton*, 67 N. Y. 63.) The question is at least a doubtful one, and the title is unmarketable. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 N. Y. 1; *Kilpatrick* v. *Barron*, 125 N. Y. 751; *Heller* v. *Cohen*, 154 N. Y. 299; *McPherson* v. *Schade*, 149 N. Y. 16; *Simis* v. *McElroy*, 160 N. Y. 156; *Paget* v. *Melcher*, 42 App. Div. 76; *Taylor* v. *Chamberlain*, 6 App. Div. 38;

*Fisher* v. *Wilcox*, 77 Hun, 208; *Landon* v. *Walmuth*, 76 Hun, 271; *Moore* v. *Williams*, 115 N. Y. 586; *Wesley* v. *Eels*, 177 U. S. 370.) The court did not err in excluding the evidence offered by the appellant for the purpose of proving that the property in question was held as partnership property, and could, therefore, be sold by the surviving partner. (*Moore* v. *Williams*, 115 N. Y. 586; *Heller* v. *Cohen*, 154 N. Y. 299; *Crouter* v. *Crouter*, 133 N. Y. 55; *Darrow* v. *Calkins*, 154 N. Y. 503.)

GRAY, J. The courts below have held, under the provisions of the testator's will, that the power of sale given to Mrs. Walli Goetz was not general and beneficial; that it was accompanied by a trust and that her children and those of the testator took vested remainders in the life estate devised to her. It was held that the power of sale given to her by the will had not been exercised, through the instrument indorsed upon the deed of Brown's executors, and that it effected nothing more than a conveyance of her dower in the two-thirds devised to testator's children and of her life estate in the one-third devised to her.

We agree with the decision and we do not see how different conclusions could be reached. It is clear that the children of Walli Goetz, at the moment of the testator's death, became vested with estates in remainder. Although he used the words "to be divided," in disposing of Mrs. Goetz' life estate after her death, no especial significance is to be given to them. Nothing in the will shows any intention on his part to prevent an immediate vesting. To the contrary, it is manifest that they were intended as words of gift, merely; just as, when giving to his own children upon his death, in the second clause, he uses the same words.

That being the situation upon the testator's death, his will conferred the power on Mrs. Goetz, then his widow, to sell the property composing the one-third of the residuary estate devised to her; but, had she validly executed the power, the proceeds would, simply, have taken the place of the property

sold and would have been held by her as life tenant. (*Matter of Blauvelt*, 131 N. Y. 249.) Her life estate had not been converted into a fee by the absolute power to sell; inasmuch as her children and those of her husband, as remaindermen, were interested in the exercise of the power. The will gave her no greater interest in the proceeds of a sale, than in the land sold. She took the general power, not for her own benefit, but accompanied by a trust, and that brought it within the limitation in section 81 of the article on Powers of the Revised Statutes. Having then a general power to sell the property, her release, indorsed upon the executors' deed of the premises, was not in execution of it, within section 155 of the Real Property Law; because she was not conveying some interest, which she had only the right to convey by virtue of the power. Apparently, from the language of the release and of the notarial acknowledgment, she was conveying her right of dower in the premises sold and if any other right, or interest, belonging to her, was the subject of her release, it was her life estate. Within the rule of the decision in *Mutual Life Insurance Company* v. *Shipman*, (119 N. Y. 324), as the testator's widow had independent interests in the property, her conveyance must be construed as relating to them and the statutory provision, validating a conveyance by the grantee of a power, as in execution thereof, although the power be not referred to therein, has no application. The learned Appellate Division, in reversing a judgment for the defendant rendered upon a previous trial, in an opinion by Justice HATCH, has so well and carefully discussed the question as to render needless further discussion by us. (58 App. Div. 112.)

The appellant raises the additional question of the correctness of rulings rejecting evidence, offered to prove that the property was owned and held by the copartnership of Felix Brown and Adolphus Brown. The effect of such proof, it is argued, would be to make the interest of Adolphus Brown personalty; which the conveyances in question by his executors and by his widow were competent to transfer. Whatever

might be made of such proof to fortify the defendant's title, it is quite sufficient, in such a case, to say that a party will not be required to take a title, which depends for its completeness upon parol evidence. As to that, I need only cite *Moore* v. *Williams*, (115 N. Y. 586), as a case in point. An exception might be found, perhaps, where the title was vested upon such a notorious and generally known fact, as that of adverse possession, which, usually, is capable of establishment beyond any reasonable doubt. But, to use the language in *Moore* v. *Williams*, such instances have "little analogy to one like this, where the lapse of time operates in a different way and may speedily wipe out the only evidence competent to cure or remove the defect in the title tendered." Whether the premises were partnership property and whether the conveyances of the executors and widow were in settlement of partnership matters, were questions of fact and depended for their solution upon extrinsic evidence, to be gathered from partnership records, or books, and from a restricted class of witnesses. A purchaser should not be compelled to take a title which he might have to defend by resort to such perishable evidence.

I think that the judgment appealed from was correct and that it should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.