### VINES v. CLARKE et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. POWERS—ESTATES OF DECEDENTS—EXECUTION—DEEDS—CONSTRUCTION.

Under 1 Rev. St. (1st Ed.) p. 737, pt. 2, c. 1, tit. 2, art. 3, § 124, providing that an instrument executed by the grantee of a power conveying an estate which he would have no right to convey, except by virtue of the power, shall be deemed a valid execution of the power, although it be not recited therein, where decedent devised the use and income of his real estate to his widow for life, appointing her sole executrix, with full power to sell all his real estate and to invest the proceeds for the interest of the estate, a deed for some of decedent's real estate, executed by the widow, wherein she described herself as the widow of decedent, the deed containing full covenants of warranty but not mentioning the power, and the grantee paying full value for the premises, conveyed the entire estate, and not merely the widow's life estate.

2. SAME—JOINDER OF SECOND HUSBAND—EFFECT.

The fact that a subsequent husband of the widow joined in the conveyance was immaterial; it being no more essential for him to join in the deed to convey his wife's life estate than to join in a deed of conveyance under the power of sale.

Appeal from Trial Term, Saratoga County.

Action by Ruby Anna Vines against M. Josephine Clarke and another. Judgment for defendants, and plaintiff appeals. Affirmed.

The action is for ejectment. The plaintiff claims to be entitled to recover the possession of an undivided one-fifth part of the premises described in the complaint, as a remainderman under the will of Smith Mitchell, who died seised and possessed of such premises. By his will, which was proven in Saratoga county Surrogate's Court September 26, 1870, he devised and bequeathed the use and income of all his real estate to his widow, Delinda

Mitchell, for and during the term of her natural life, and upon her decease he devised an undivided one-fifth part of said real estate to the child or children of his son Commodore P. Mitchell, subject to a life estate therein in favor of the said Commodore P. Mitchell. The latter is now deceased, and the plaintiff is his only living child, and there is no issue of any predeceased children. By his will said Smith Mitchell appointed his wife, Delinda Mitchell, as the sole executrix thereof, with full power and authority to sell and dispose of all his real estate and to invest the proceeds in such manner as shall be most for the interest of the estate. Delinda qualified as executrix and served as such up to the time of her death, in 1894. Before March 7, 1873, she married one Chancellor Pettigrew. On that day she and her husband joined in a deed conveying the premises in question to one Charles D. Ford for a consideration of $1,100, which was the reasonable market value of the premises at the time of said conveyance. In the deed she described herself as the widow of Smith Mitchell, deceased, and the deed contained the usual covenants of warranty. The premises were thereafter conveyed by several mesne conveyances, and were finally conveyed to the defendant Clarke, who received and duly recorded her deed on December 3, 1898, and who paid the reasonable market value of said premises at the time of her purchase. The defendant Clarke has been in possession of said premises since said last-named date. The court on the trial dismissed the complaint, and the plaintiff appeals from the judgment of dismissal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Corliss Sheldon, for appellant.
Edgar T. Brackett and Hiram C. Todd, for respondents.

CHESTER, J. While Delinda Pettigrew, as the executrix of her husband's will, was thereby expressly given the absolute power of sale of his real estate, yet in the deed which she gave there is no mention of such power. The question presented for determination, therefore, is whether by such deed she conveyed the entire fee or simply her life estate. Section 124 of article 3 of title 2 of chapter 1 of part 2 of the Revised Statutes (1 Rev. St. [1st Ed.] p. 737), which was in force when the deed was given, provided that:

"Every instrument executed by the grantee of a power, conveying an estate which such grantee would have no right to convey unless by virtue of his power, shall be deemed a valid execution of the power, although such power be not recited or referred to therein."

In Mut. Life Ins. Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177, it was held that the enactment of this provision of the Revised Statutes, which is couched in almost the identical language of section 155 of the Real Property Law (Laws 1896, p. 583, c. 547), and from which it was taken, did not change the rule of the common law as to the effect of a conveyance by the donee of a power who is also the possessor of other interests in the property to which the power relates, when in the conveyance no mention is made of the power. The common-law rule is well expressed by a quotation, in the case cited, from Sugden on Powers (3 Am. Ed.) p. 477, where it is said that:

"The doctrine settled by the decisions seems to be this: 'When the donee of a power to sell land possesses also an interest in the subject of the power, a conveyance by him without actual reference to the power will not be deemed an execution of it, except there be evidence of an intention to execute it, or at least in the face of evidence disproving such intent.'"

Kent, in his Commentaries, says:

"The power may be executed without reciting it, or even referring to it, provided the act shows that the donee had in view the subject of the power. * * * The general rule of construction, both as to deeds and wills, is that, if there be an interest and a power existing together in the same person, over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest, and not to the power. * * * In construing the instrument, in cases where the party has a power and also an interest, the intention is the great object of inquiry." 4 Kent, Com. *334, 335.

Chief Judge Denio, writing the opinion of the Court of Appeals in White v. Hicks, 33 N. Y. 383, at page 393, quotes with approval the language of Judge Story in Blagge v. Miles, 1 Story, 426, Fed. Cas. No. 1,479, who, after examining the English cases on the subject, there says:

"All the authorities agree that it is not necessary that the intention to execute the power should appear in express terms or recitals in the instrument. It is sufficient that it shall appear by words, acts, or deeds demonstrating the intention."

The general rule stated by Kent and by Sugden is that contended for as applicable to this case by counsel for the appellant; but these eminent authorities each indicate that the general rule is nevertheless subject to the exception that effect must be given to the intention of the parties, if that can be ascertained. Here the intention is clear. The grantor received, and the grantee paid, full value for the premises; and the grantor covenanted that she would forever warrant and defend the grantee in the quiet and peaceable possession of the premises. It is not to be presumed that the grantor would have taken full value for the premises, or that the grantee would have paid that amount for the conveyance of a partial interest only. The deed, in form being of the entire fee with a warranty of the title thereto, shows clearly that the grantor intended to convey not only what she had as a life tenant, but what she was entitled to dispose of by virtue of the power of sale. She also described herself as the widow of Smith Mitchell, which indicates that in some way she thought she could only give a good title to the entire fee as his representative. The deed was evidently prepared by some one unacquainted with the law; but, nevertheless, the intent to convey the entire estate is apparent, and if heed is given to such intent the complaint was properly dismissed.

The appellant relies upon the cases of Weinstein v. Weber, 58 App. Div. 112, 68 N. Y. Supp. 570, and Mut. Life Ins. Co. v. Shipman, supra, but these cases were brought squarely under the rule, rather than under the exception, which it seems to me governs here.

The fact that the husband of Delinda joined in the conveyance is of no significance, for it was no more essential for him to join in a deed to convey his wife's life estate than to join in a deed of conveyance under the power of sale.

The judgment should be affirmed, with costs. All concur.