(78 Misc. Rep. 532.)

### PEPPER v. CUTLER.

(Supreme Court, Special Term, Schenectady County. December, 1912.)

1. POWERS (§ 33*)—EXECUTION—SALE OF REAL PROPERTY—INTENT.
   Whether a disposition of real property is in execution of a power conferred by will is a question of intention; the conveyance being construed to effectuate the intent of the parties, unless inconsistent with settled rules of law.

   [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 110–120; Dec. Dig. § 33.*]

2. POWERS (§ 33*)—EXECUTION—REAL PROPERTY LAW—REFERENCE TO POWER —INDIVIDUAL INTEREST OF DONEE.
   Real Property Law (Consol. Laws 1909, c. 50) § 175, providing that an instrument executed by the grantee of a power conveying an estate or creating a charge which he would have no right to convey or create except by virtue of the power shall be deemed a valid execution thereof though not referred to therein, is a rule of construction, and has no application to a conveyance of real property by the widow to whom the same had been given by her husband's will with the power to sell and convey the same, and from the income and proceeds support herself and daughter during their life.

   [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 110–120; Dec. Dig. § 33.*]

3. POWERS (§ 33*)—EXECUTION—CONVEYANCE.
   Testator gave all of his estate to his widow in trust, to convey and hold with full power to sell any and all the property, and from the income and proceeds support herself and daughter during their life. During the life of the daughter, the widow individually and as executrix conveyed part of the real property in fee to defendant, and for more than 12 years no demand was made on him, and neither the trustee nor the beneficiaries of the trust had any use or benefit of the property. *Held*, that the grantor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intended to convey the fee under the power, and that the conveyance was valid.

[Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 110–120; Dec. Dig. § 33.*]

Suit by Carrie Pepper, as trustee, etc., of Harmon C. Pepper, deceased, against Edward D. Cutler to recover certain land. Complaint dismissed.

Peale & McLaughlin, of New York City, for plaintiff.
Henry V. Borst, of Amsterdam, for defendant.

VAN KIRK, J. Harmon C. Pepper, deceased, by his will, after the payment of his debts, gave all of his estate, real and personal, to his widow, Carrie Pepper, "in trust, to have and to hold, with full power to sell and convey any or all of said property, both real and personal, and from the income and proceeds thereof to support and maintain during her life herself and our daughter," as in her judgment will best promote the interests of both. Upon the wife's death he gives all the residue remaining to the daughter during life, and, if she has issue, to her absolutely. If the daughter shall die without issue, then the residue to his next of kin. He appoints his wife as sole executrix. She has duly qualified as such, but has never accounted. Both she and her daughter are living. The land in question was a part of his estate. Mrs. Pepper, individually and as executrix, has executed a deed, dated June 8, 1899, purporting to convey said real estate to the defendant. This action by the trustee is brought to recover said land.

The evidence is brief. No witness was called. We have the following admissions made in open court and in the pleadings: On or about January 22, 1899, said will was admitted to probate in Schenectady county. In accordance with the devise therein, plaintiff became seised in fee simple of said real property, being about 200 feet square at the corner of Union street and Bedford road. Plaintiff does not have now, and never did have, any legal estate individually or in any other capacity than as trustee in the aforesaid parcel of real property by virtue of the devise contained in the aforesaid will. Defendant is, and since the execution of said deed has been, in possession of the said premises, and claims to own the same. The summons in this action is dated January 22, 1912. In addition to said admissions, the only evidence is the will and the deed. No provision of the will in favor of the widow is stated to be in lieu of dower. The deed is the short form warranty deed provided for in chapter 475 of the Laws of 1890, and the party of the first part describes herself therein as "Carrie Pepper individually and as executrix of the last will and testament of Harmon C. Pepper, deceased." She does not describe herself or mention herself in the deed as trustee; nor in the deed is there any other mention of the will or any mention of the power of sale therein given.

No provision for the widow having been made in the will in lieu of her dower, if the provisions of the will required an election by her, the time within which she must elect not having expired (Real Prop. Law [Consol. Laws 1909, c. 50] § 201) at the time of the deed in ques-

tion; the widow owned her dower right consummate in the lands de-- scribed in the deed, and this right, though unassigned, was a valuable property right subject to sale. Mutual Life Ins. Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177.

[1] The question here presented is this: In the June 8th deed, did Mrs. Pepper convey her title as trustee to the lands in question? The question whether a particular disposition of real property is in execution of a power was always a question of intention. White v. Hicks, 33 N. Y. 383, 393. It is well settled that, in determining what property or interest therein is conveyed by a deed, the intent of the parties will control, and the deed must be construed to effectuate that intent, unless inconsistent with settled rules of law or of property. 13 Cyc. 601; Perrior v. Peck, 39 App. Div. 390, 396, 57 N. Y. Supp. 377; Harriot v. Harriot, 25 App. Div. 245, 249, 49 N. Y. Supp. 447.

[2] Section 175 of the Real Property Law is a rule of construction, and does not apply in this case, since the donee of the power has also an individual property right or estate in the property. We must construe the deed, therefore, as if section 175 did not exist. Mutual Life Ins. Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177. This case does not hold that the plain intent of the grantor in a deed to execute a power, although both the grantee of a power and the owner of an individual right in the estate must, or may, be disregarded under the rule quoted on page 329 from Kent's Commentaries:

"The general rule of construction, both as to deeds and wills, is that if there be an interest and a power existing together in the same person over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest and not to the power. If there be any legal interest on which the deed can attach, it will not execute a power."

On the contrary, the Shipman Case recognizes that this latter rule must yield to the contrary intent of the grantor in the deed if plainly disclosed. Nothing in conflict with this understanding of the Shipman Case is found in Weinstein v. Weber, 58 App. Div. 112, 68 N. Y. Supp. 570, or in Merolla v. Lane, 122 App. Div. 535, 107 N. Y. Supp. 439. This also is the holding in Vines v. Clarke, 111 App. Div. 12, 97 N. Y. Supp. 532, a decision in this department which has never been modified or criticised. No rule of law or of property, to which our attention is called, is violated if it be held that Mrs. Pepper intended to execute the power, when she executed the deed of June 8th. In White v. Hicks, 33 N. Y. 383, 393, on page 394, the court quotes from Judge Story as follows:

"But the principle furnished by them, however occasionally misapplied, is never departed from, that if the donee of the power intends to execute, and the mode be in other respects unexceptionable (that is, if it correspond to the former requirements of the power), that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. I agree that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful under all the circumstances, then that doubt will prevent it from being deemed an execution of the power. All the authorities agree that it is not necessary that the intention to execute the power should appear in express terms or recitals in the instrument. It is sufficient that it shall appear by words, acts, or deeds demonstrating the intention."

[3] The facts seem to me to disclose plainly that Mrs. Pepper intended to convey the premises in fee simple under the power. We are not informed as to what occurred at the time the sale was made further than as the deed recites it. This deed is in form to convey in fee simple to the grantee, his heirs and assigns forever, the real estate therein described, together with the appurtenances and all the estate and rights of the party of the first part in and to the premises. The first party covenants that she is seised of said premises in fee simple and has good right to convey the same. The party of the second part shall quietly enjoy the premises. The premises are free from any incumbrances. The first party will execute or procure any further necessary assurances of title to said premises. The first party will forever warrant and defend the said premises. The statute declares what these several provisions shall be construed to mean. The will shows that Carrie Pepper is not seised of said premises in fee simple, except as trustee. Her warranty of peaceable possession is a warranty which the trustee only could make; and, if she conveyed anything other than as an individual, she conveyed as trustee, because as executrix she had no interest whatever in the real estate. The real estate could be sold to pay debts, but only on petition to the surrogate and notice to all parties interested; and, without such proceedings, the real estate was not liable for the payment of debts. Russell v. Russell, 36 N. Y. 581, 583, 93 Am. Dec. 540. The deed is not in the usual form for conveying any interest in lands less than fee-simple title, and there is no intimation in the deed of an intent to convey anything less. Another circumstance is that from the time of the execution of the deed the defendant has been in possession, and is now in possession and enjoyment of the premises. For 12½ years no demand was made upon him, and the trustee has had no use or benefit of the aforesaid real estate, nor have the beneficiaries under the trust. This conduct is entitled to great weight in determining the intent of the parties to the deed (Carthage T. P. Mills v. Village of Carthage, 200 N. Y. 14, 93 N. E. 60), and is inconsistent with the claim that the dower right only of the grantor was intended to be conveyed. If Mrs. Pepper had not intended to convey title in fee simple, it seems impossible that she and the other beneficiary would have allowed the defendant to enjoy the full use and profit of this land for so long a term of years. The presumption from the payment of the consideration is not helpful as to intent. There is no presumption further at least than that the consideration is the full value of the property or interest therein intended to be conveyed.

The fact that the grantee is a lawyer does not militate against our conclusion. The blank for the deed evidently came from the grantee's office, and we may assume that he drew it and knew the law. It does not appear that he was Mrs. Pepper's counsel, or that he held any confidential relation with her. It does not appear that he secured more than her deed as an individual. He knew there was a will, but it is not shown that he ever saw the will. No pre-

sumption rests against him if he was careless enough to take her statement of the contents of the will. If he took her statement, the use of the word "executrix," instead of "trustee," is easily understood.

It is claimed, also, by the plaintiff that Carrie Pepper had an interest in the real estate of deceased other than her dower interest under the provision in the will concerning maintenance and support. The entire estate, including the income, is given to the trustee, but "from the income and proceeds" she is to support and maintain herself and daughter. There is no division of income and proceeds named, and no gift of any part thereof to Mrs. Pepper. This gave her no estate or interest in the land.

The defendant urges that Mrs. Pepper has no dower interest, because the provisions of the will are inconsistent with her taking dower, although there is no statement in the will that the provision in her favor is in lieu of dower. Therefore she is put to her election, and she has elected to accept the provisions of the will. But if the will should be so construed, and if it be held that the presumption is that she has made her election, because she has apparently accepted the provisions of the will, our conclusion would be the same. Under those circumstances, section 175 of the Real Property Law would apply, and the deed be construed as in execution of the power.

Complaint dismissed, with costs.