HELEN E. MARSH, Appellant, v. CONSUMERS PARK BREWING COMPANY, Respondent, and CAROLINE M. KINSEY et al., Appellants, Impleaded with Others.

Real property — will — power of sale — construction of provisions of will of non-resident testator by which he appointed a special executor in this state with power to sell, with consent of testator's widow, real property within this state — when conveyance by son of testator to testator's widow of property devised passed no title to the grantee in such conveyance or her successors in title.

Testator, a resident of the state of Vermont, devised his real estate to his wife during her life and on her death to his "children equally share and share alike, the descendants of any deceased child to take the share which his or her deceased parent would take if living." He gave his wife power of sale of his real estate to invest the proceeds for the benefit of his estate, and also appointed a special executor with power to sell, with the consent of his wife, his real estate in this state. Testator left a son who died before the widow, leaving daughters, these appellants. The father of appellants conveyed to his mother in her lifetime his interest in lands of testator situated in this state, which lands were conveyed by the mother by full covenant and warranty deed in which the special executor did

not join, and by mesne conveyances transferred to respondent. The effect of the language employed in the will was to create a life estate devised over upon the death of the life tenant to the children and a devise to the descendants of a deceased child at the termination of a life estate. The intention of the testator was that the power of sale of land in this state was to be exercised; not alone by the executrix, but by the special executor of the will in this state in conjunction with her. Hence, title did not pass under the power of sale under the will, nor did the deed of the father of appellants vest in his mother an absolute title to the real estate sought to be conveyed, since his interest under the terms of the will descended to his children and they became vested therewith when he predeceased the life tenant.

*Marsh* v. *Consumers Park Brewing Co.*, 162 App. Div. 256, reversed.

(Argued January 25, 1917; decided February 27, 1917.)

APPEAL by plaintiff and certain of the defendants from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 20, 1914, which reversed an interolocutry judgment of Special Term directing a sale of the premises described in the complaint in an action of partition and directed a dismissal of the complaint.

The facts, so far as material, are stated in the opinion.

*Samuel Seabury* and *Paul Bonynge* for plaintiff, appellant. The remainder of George F. Marsh was divested in favor of his descendants upon his death during the lifetime of Anne L. Marsh, the life tenant. (*Lyons* v. *Ostrander*, 167 N. Y. 135; *Schwartz* v. *Rehfuss*, 129 App. Div. 630; 198 N. Y. 585; *Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202; *Robinson* v. *Martin*, 200 N. Y. 159; *Lougheed* v. *D. B. Church*, 129 N. Y. 211; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Buel* v. *Southwick*, 70 N. Y. 581; *Matter of New York, L. & W. R. Co.*, 105 N. Y. 89; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Camp* v. *Cronkright*, 59 Hun, 489; *Lingsweiler* v. *Hart*, 10 App.

Div. 156; *Flanagan* v. *Staples*, 28 App. Div. 319; *Weymann* v. *Weymann*, 82 App. Div. 342; *Huber* v. *Case*, 93 App. Div. 479; *Hebbard* v. *Lese*, 107 App. Div. 425; *Ranhofer* v. *Hall Realty Co.*, 143 App. Div. 237; *Doughty* v. *Baker*, 146 App. Div. 922; *Weinstein* v. *Kratenstein*, 150 App. Div. 789; *Wells* v. *Rowland*, 155 App. Div. 354.) The conveyance of Anne L. Marsh cannot be interpreted as an exercise of a power of sale. (*Marsh* v. *City of Brooklyn*, 2 Hun, 142; 59 N. Y. 280; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Lynch* v. *Buckley*, 82 App. Div. 614; *Wilder* v. *Ranney*, 95 N. Y. 7; *Mohn* v. *King*, 41 App. Div. 611; *M. L. Ins. Co.* v. *Shipman*, 119 N. Y. 324; *Weinstein* v. *Weber*, 178 N. Y. 94; *Merolla* v. *Lane*, 122 App. Div. 535.)

*Henry Pegram* and *Louis Bevier, Jr.*, for defendants, appellants. The rule that where there is a devise to one person in fee and in case of his death to another the death referred to will be construed to be a death in the testator's lifetime is never permitted to operate where a point of time for distribution is mentioned other than the death of the testator or where a life estate intervenes, or where the context of the will contains language indicating a contrary intent. (*Jackson* v. *Gatfield*, 1 Hall, 1; *Buel* v. *Southwick*, 70 N. Y. 581; *Nellis* v. *Nellis*, 99 N. Y. 505; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Avery* v. *Everett*, 110 N. Y. 317; *Kelso* v. *Lorillard*, 8 Daly, 300; 85 N. Y. 177; *Camp* v. *Cronkright*, 59 Hun, 488; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Flanagan* v. *Staples*, 28 App. Div. 319.) A gift, by bequest or devise, to A for life, and, after his decease, to B or his children, creates a substitutional gift in favor of the children of B in the event of B's dying in the lifetime of A. (*Hervey* v. *McLaughlin*, 1 Price, 264; *Galland* v. *Leonard*, 1 Swanst. 161; *Home* v. *Pillaus*, 2 M. & K. 15; *Price* v. *Lockley*, 6 Beav. 180; *Salisbury* v. *Petty*, 3 Hare, 86; *Burrell* v. *Baskerfield*,

11 Beav. 525; *Jacobs* v. *Jacobs*, 16 Beav. 557; *Bowers* v. *Bowers*, L. R. [5 Ch.] 244.) When the intention of the testator is expressed in reasonably clear language, his words should be given their natural and ordinary meaning and should not be perverted by loose conjecture or by considering what a man may be imagined to do in the testator's circumstances or in order to give effect to some artificial rule of construction. (*Stephenson* v. *Heathcote*, 1 Edm. 38; *Graves* v. *Bainbridge*, 1 Vesey, 562; *Bent* v. *Cullen*, L. R. [6 Ch.] 235; *Taafe* v. *Commee*, 10 H. L. Cas. 64.)

*Lynn C. Norris* and *Edward M. Perry* for respondent. Evidence of intention is found in the will itself. (*Roome* v. *Phillips*, 24 N. Y. 463; *Broomfield* v. *Crowder*, 4 Bos. & Pul. 813; *Robinson* v. *Martin*, 200 N. Y. 159; *Shepard* v. *Shepard*, 60 Vt. 109; *Matter of Powers*, 124 N. Y. 361; *Gibbons* v. *Gibbons*, 140 Mass. 102; *Crapo* v. *Price*, 190 Mass. 317; *Gray* v. *Whittemore*, 192 Mass. 367.) Evidence of intention is to be deduced from testator's presumed understanding at the date of the will of the language used therein in view of the then well-settled and declared law as to the meaning of such language. (*Doe* v. *Provoost*, 4 Johns. 61; *Moore* v. *Lyons*, 25 Wend. 119; *Vanderheyden* v. *Crandall*, 2 Den. 9; *Lovett* v. *Buloid*, 3 Barb. Ch. 137; *Johnson* v. *Valentine*, 4 Sandf. 36; *Matter of Meyer*, 6 Abb. [N. C.] 438; *Livingston* v. *Greene*, 52 N. Y. 119; *Beatty* v. *Montgomery*, 21 N. J. Eq. 324.) The children of Leonard Marsh took indefeasible vested remainders under the second paragraph of his will. (*Doe* v. *Provoost*, 4 Johns. 61; *Moore* v. *Lyons*, 25 Wend. 119; *Livingston* v. *Greene*, 52 N. Y. 119; *Ackerman* v. *Gorton*, 67 N. Y. 66; *Hobson* v. *Hail*, 95 N. Y. 616; *Van Axt* v. *Fisher*, 117 N. Y. 401; *Nelson* v. *Russell*, 135 N. Y. 140; *Gilbert* v. *Taylor*, 148 N. Y. 298; *Hersee* v. *Simpson*, 154 N. Y. 496; *Corse* v. *Chapman*, 153 N. Y. 466; *Matter of Seaman*, 147 N. Y. 74; *Riker*

v. *Gwynne*, 201 N. Y. 150; *Hutchins* v. *Hutchins*, 144 App. Div. 757; 210 N. Y. 539; *Byrnes* v. *Stillwell*, 103 N. Y. 453; *Trowbridge* v. *Coss*, 126 App. Div. 679; *Ackerman* v. *Ackerman*, 63 App. Div. 370; *Staples* v. *Mead*, 152 App. Div. 745.) A good title in fee simple to the entire premises was passed to Sidney V. Lowell by the full covenant and warranty deed of Anne L. Marsh in pursuance of a power of sale contained in the will of Leonard Marsh. (*Panaud* v. *Jones*, 1 Cal. 488; *Hitt* v. *Shrader*, 13 Ky. 444; *Taylor* v. *Dickerman*, 15 Iowa, 483; *Hatch* v. *Coddington*, 95 U. S. 48; *Davol* v. *Quimby*, 11 Allen, 208; *Sherman* v. *Page*, 85 N. Y. 123; *Hartnett* v. *Wandell*, 60 N. Y. 346; *Matter of Silkman*, 121 App. Div. 202; *Newton* v. *Bronson*, 13 N. Y. 587; *Pollock* v. *Hooley*, 67 Hun, 370.)

HOGAN, J. Leonard Marsh, a resident of Burlington, Vermont, died in August, 1870, leaving a last will dated October 3d, 1868, and a codicil thereto executed October 28th, 1868, which will and codicil were admitted to probate in the state of Vermont on September 16th, 1870, and letters testamentary thereon issued to Anne L. Marsh, his widow, who was named as executrix of the will.

The testator left him surviving his widow, Anne L. Marsh, three sons, William F. Marsh, George F. Marsh and Charles F. Marsh, and one daughter, Anna L. Marsh, who were his sole heirs at law and next of kin. George F. Marsh, one of the sons, died June 29th, 1900, leaving him surviving three children, one of whom is the plaintiff in this action; Anne L. Marsh, the widow, died September 22d, 1904, a little over four years after the death of her son George F. Marsh, the father of the plaintiff.

At the time of the testator's death his children were under age and unmarried. The testator died seized of certain real estate in the states of New York, New Jersey and Vermont. The plaintiff brought this action

14

to partition lands in the county of Kings in this state, asserting she had an interest therein for the reason that under the terms of the will of Leonard Marsh the interest of her father, George F. Marsh, one of the remainder-men, was subject to be divested by his death during the lifetime of his mother, the life tenant, and upon the death of the latter, George F. Marsh having predeceased her, plaintiff with her sisters who were defendants in this action became vested with the share of their father, George F. Marsh, under the will.

The trial justice decided in favor of plaintiff. The judgment entered upon that decision was reversed by the Appellate Division and the complaint dismissed. Plaintiff and her sisters, defendants, appeal to this court.

The provisions of the will of Mr. Marsh material to be considered here are as follows:

"*Second.* All the estate real and personal of whatsoever name and description which shall belong to me at the time of my decease and the rents, issues, income and profits thereof, I give devise and bequeath to my wife Anne during her natural life in lieu of all her dower share thirds or portion of my estate, and on her death I give devise and bequeath the same to my children equally share and share alike, the descendants of any deceased child to take the share which his or her deceased parent would take if living. And I hereby authorize and empower my said wife as Executrix of this my will to sell and convey any and all my real estate wheresoever the same may be situated at public or private sale as she may deem proper and to receive and invest and call in and reinvest the proceeds thereof, and the income thereof for the benefit of my estate and it is my wish and direction that as soon as it can be done consistently with the interest of my estate that my real estate be so sold and invested to raise an income for the support of my said wife and my children. And all real estate which I may own in common with my brother or any

other person I authorize my said Executrix by agreement with my cotenant or cotenants by deed or otherwise to make partition thereof among the owners, so that my share or interest therein may be held by my said Executrix, and managed and sold and disposed of in severalty as part of my estate."

" *Fifth.* And as to all my real estate and property situated and being in the State of New York, I hereby appoint Charles L. Benedict of the City of Brooklyn, in the State of New York, United States Judge, Special Executor of this my Will, with full power by and with the consent of my said wife to be manifested by her signing the deed or deeds with him to partition or sell and convey the real estate or any portion thereof, and to receive the proceeds thereof, and to pay the same to my said wife my general Executrix as aforesaid for the purposes of this my will."

In the fourth clause of the will in substantially the language used in the fifth clause above quoted, the testator appointed Charles H. Stillman of Plainfield, New Jersey, as the executor of his will as to all property in that state.

By the sixth clause of the will the testator authorized and directed his special executors from New York and New Jersey to pay over to the general executrix under letters testamentary issued in the state of Vermont all the proceeds of his property collected or received by them respectively.

A codicil executed by the testator October 28th, 1868, was as follows:

"It is my wish that each of my sons shall receive a collegiate education and also such professional or business education as they shall respectively desire, and also that my daughters shall be thoroughly educated and it is my will and I hereby direct that if in the judgment and discretion of my wife, in order so to complete the education of my children, and to provide for the other neces-

sary expenses of the family, and for her own support the rents, income and profits of my estate shall be insufficient, then my said wife shall from time to time at her discretion use and expend for the purposes aforesaid so much of the principal of my estate as she may find necessary for such purposes."

By the earlier provisions of paragraph second of the will above quoted Anne L. Marsh was given an estate for life in all of the real and personal estate and the rents, issues and profits thereof belonging to the testator at the time of his decease to begin in possession at the time of the death of the testator. The testator fixed a definite time "upon the death" of his widow, the life tenant, when his children should succeed to the estate in equal shares, and in addition it was his will that "the descendants of any deceased child to take the share which his or her deceased parent would take if living." Thus we have a life estate devised over upon the death of the life tenant to the children and a devise to the descendants of a deceased child at the termination of a life estate. The language employed in the will operated to create a substitutional gift in favor of the children of George F. Marsh in the event of his death during the lifetime of Anne L. Marsh, the life tenant. (*Fowler* v. *Ingersoll*, 127 N. Y. 472; *Mullarky* v. *Sullivan*, 136 N. Y. 227, 231; *Matter of Denton*, 137 N. Y. 428; *Lyons* v. *Ostrander*, 167 N. Y. 135; *Matter of Baer*, 147 N. Y. 348; *Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202, 207; *McLean* v. *McLean*, 207 N. Y. 365; *Schwartz* v. *Rehfuss*, 129 App. Div. 630; affirmed, 198 N. Y. 585.)

Counsel for respondent argued that the will in question discloses the intention of the testator so clearly that an inspection of the same requires a construction in favor of his client, Consumers' Park Brewing Company, to the exclusion of appellants.

Reading the will and considering the relevant facts and circumstances in connection therewith I reach a con-

trary conclusion.   In a portion of the second paragraph of the will, which has not heretofore been considered, the testator empowers his wife, as executrix, to sell and convey any and all of his real estate wheresoever the same may be situate,   *   *   *   and all real estate which he might own in common with his brother or any other person by deed or otherwise to make partition of the same.

By the early provisions of the same paragraph he gave to his wife the rents, issues and profits of his estate during her life only and upon her death he devised and bequeathed "the same," *i. e.*, the real and personal estate, and the income and profits to his children.   The power of sale did not give to the widow any additional interest in the estate, as the testator provided that the proceeds of any sale, whether of lands solely owned by him or in common with others, was to be received by her as executrix and to be invested and the income therefrom "for the benefit of my estate."   He further directed that as soon as the same could be done consistently with the interest of his estate that his real estate be sold, not for the benefit of his widow or to enable her to take the proceeds thereof for her individual use, but, on the contrary, "to raise an income for the support of my said wife and my children."

The power of sale in the second paragraph of the will must be construed in connection with the fifth clause of the will, wherein Judge Benedict was appointed special executor of the estate, real and personal, in the state of New York, with power to sell all real estate by and with the consent of the widow as well as to partition real estate and to receive the proceeds from such sales and pay the same to the executrix for the purposes of the will.

Other relevant facts and circumstances appear by the will.   The codicil executed soon after the date of the will contains words of limitation.   While the testator expressed a wish that his children should be thoroughly educated and empowered his wife in her discretion to resort to the principal if necessary to complete their edu-

cation and to provide for other necessary expenses of the family in the event that the income was insufficient for that purpose, the power thus conferred was limited in three several particulars: (1) Lack of sufficient income; (2) to be exercised not at one time but "from time to time;" (3) to "so much only of the principal as she may find necessary for such purposes." As I construe the codicil the manifest intention of the testator was that the principal of his estate, or at least so much of the principal as was not necessary in addition to the income for the support of the family and the education of the children, should be preserved intact for the benefit of his children after the termination of the life estate, or, in the event that one or more of such children should die leaving children, then for the benefit of such children. This view is strengthened by the fact that at the time of the execution of the two instruments the children of the testator were unmarried and attending school. The testator while expressing solicitude that his children should be properly educated had in mind the possibility of the death of one or more of his children leaving a child or children him or her surviving, and while providing for his own children he also sought to provide for the children of a deceased child.

The terms of the will and the circumstances to which attention has been called clearly indicate the intention of the testator consistent with the conclusion I have reached.

On February 1st, 1884, George F. Marsh, together with his brothers and sister, by quit-claim deed conveyed to their mother, land in the county of Kings embracing the land described in the complaint. May 12th, 1884, Anne L. Marsh by full covenant and warranty deed attempted to convey the lands and premises owned by the testator located in Kings county to one Lowell, and by mesne conveyances the defendant Consumers' Park Brewing Company has succeeded to and acquired the rights of Lowell in the land described in the complaint. At the date of the

conveyance to Lowell, Anne L. Marsh had a life estate in the real and personal property of the testator.    The quit-claim deed executed by her children did not vest in her an absolute title to the real estate, as the interest of one or all of them would descend to their children if any they had in the event that any one of them predeceased the life tenant.

The conveyance by Anne L. Marsh to Lowell did not refer to any power of sale under the will, neither was the deed executed by Judge Benedict who had qualified as special executor in the state of New York.

Under the second and fifth clauses of the will a power of sale was vested in two donees, the executrix and the special executor.   Such was the clear intention of the testator.   Otherwise why should he appoint a special executor in this state, clothe him with power of sale and require his wife to join in a deed with him if he intended to confer upon his wife authority to execute the power alone ?   If it were the intention of the testator to vest in his wife a sole power to sell lands in the state of New York, it was a fruitless proceeding on his part to appoint a special executor in New York and clothe him with power of sale or partition of real estate in this state    I cannot attribute to him an intention to adopt such a use less formality.   On the contrary, I conclude that the intention of the testator was that the power of sale of land in this state was to be exercised, not alone by the executrix under the will, but by the special executor of the will in this state in conjunction with her.   The deed to Lowell did not convey the interest of the children of George F. Marsh, the plaintiff and defendant appellants in this action.   (*Mutual Life Ins. Co.* v. *Shipman,* 119 N. Y. 324; *Weinstein* v. *Weber,* 178 N. Y. 94; *Schwartz* v. *Rehfuss,* 129 App. Div. 630; affirmed, 198 N. Y. 585.)

The order and judgment of the Appellate Division should be reversed and the judgment of the Special Term

affirmed, with costs in Appellate Division and this court
to appellants.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and
CARDOZO, JJ., concur; CRANE, J., dissents in the fol-
lowing words: I agree that the rule of construction as
expressed in this opinion is to be applied in the absence of
intention to the contrary. However, I am of the opinion
that a contrary intent does appear in this will, and that
the testator meant to vest the remainders absolutely in
his children at his death not to be divested by their death
during the life estate.

Judgment reversed, etc.